## Mitchell v. Wright.

### MITCHELL & MITCHELL v. WRIGHT, ADM'X.

In order to authorize the wife to sue alone under the provisions of the 9th section of the act of 1840, it should be averred and proved that her husband refused or neglected to join her in the suit; and the fact that a suit is pending between the husband and wife for a divorce does not affect the rule. (Note 56.)

Under the provisions of the 24th section of the act of 1848, to regulate the proceedings in the County Courts pertaining to estates of deceased persons, a married woman who is executrix or administratrix cannot act in anything pertaining to the estate without being joined by her husband; she cannot, therefore, sue alone, in her representative capacity, upon a note payable to her as administratrix.

It *seems* that the defendant may demur to the evidence of the plaintiff, and thereby refer the issue from the jury to the court. (Note 57.)

Appeal from Victoria. The appellee filed her petition, stating that she was the wife of one John D. Wright, and praying leave of the court to sue in her own name because of the pendency of a suit for a divorce between herself and her said husband; that she was the legal administratrix of one Peter N. Hays, regularly appointed, &c.; that the defendants are indebted to her as administratrix upon a note made by them, payable to the plaintiff as administratrix aforesaid. The permission of the judge to sue in her name appeared upon the record. The defendants pleaded in abatement, denying that the plaintiff was the administratrix of Hays, and averring that she was the lawful wife of John D. Wright, who was still living and within the jurisdiction of the court. On the trial the plaintiff gave in evidence the note sued on, and there rested; whereupon the defendant demurred to the plaintiff's evidence, and the court gave judgment for the plaintiff. The suit was brought after the act of 1848, to regulate proceedings in the County Court pertaining to estates of deceased persons, took effect.

*Mitchell*, for appellants. If a *feme covert* in this State [**284**] might sue in her own name and without joining her husband in any case, it would not have been needful for the Legislature, in passing the statute of marital rights, to have enacted that in the cases arising under that act she might do so. Yet that act is wholly irrelevant to a case like the present, which does not come within even the purview of the act. This is not a suit for the recovery of any right of the wife or any property of hers, either separate or common, as contemplated by the statute. (Acts 1840. p. 3. sec. 9.)

But the act of 1848, section 24, provides that the wife and her husband shall act jointly in all matters pertaining to her representative capacity. The District Court therefore fatally erred in granting the order first assigned for error.

*Cunningham*, for appellee. It will be seen by the record that the petition stands before this court without any legal exception to it. There was no demurrer, and the pleas in abatement were abandoned and no evidence offered under those pleas. So far, then, as they can benefit appellants, the case stands as if they had never been filed. So far, however, as their admissions may benefit the appellee, they are good as oral or written admissions in court would have been, and save the trouble of introducing proof of such admitted facts. The petition is considered as unimpugned, and all defects are cured.

There was no error in permitting the petitioner to sue in her own name. The law of 1840, section 9, says: "The husband may sue alone or jointly with his wife for the recovery of the effects of the wife; and in case he fail or neglect, she may, by the authority of the court, sue in her name for such effects." The record shows, by appellants' own admissions, that she alone was administratrix of decedent, Hays. The debt was due to her; was a part of her effects. Nor was the order of the judge permitting her to sue in her own name necessary. (McIntyre *v.* Chappell, 2 Tex. R.)

The debt was a part of her effects, and might have been sued for in her own

## Mitchell v. Wright.

name by the permission of the court. [**285**] The existence of the parties, living apart, engaged in a suit for the dissolution of the marriage bonds, and the length of the time the money had been due, the capacity of M. T. Wright as administratrix, were sufficient evidence of his failure and neglect to justify the court in granting the order, even if this matter had been put in issue by defendant's pleadings, which was not done. And the record furnishes further evidence of his refusal; for it will be seen that he is security on appellant's appeal bond. This case in no degree conflicts with the case of McIntyre v. Chappell, 2 Tex. R., but is sustained by that decision. In that case Mrs. Chappell sued as a *feme sole*, and a plea in abatement was put in, sworn to as the law requires, and it was the republication which was excepted to, a pleading not known to our law. In this case Mrs. Wright might have sued in her own name and, for aught that appears on the record, recovered; because this court has decided that such could be done in Gayle & Gayle v. Ennis & Reynolds, (1 Tex. R., 184.) And the appellants abandoned, or what is the same thing, introduced no evidence in support of their pleas in abatement.

LIPSCOMB, J.   The question presented is, can Mrs. Wright, a *feme covert*, maintain an action in her own name as administratrix without being joined by her husband? It appears from the record that Mrs. Wright was appointed administratrix at the November Term, 1847, of the Probate Court. It is believed that we have no statutory regulation on the subject of married women suing in their own names excepting the 9th section of the act of the Congress of 1840, entitled "An act to adopt the common law of England, to repeal certain Mexican laws, and to regulate the marital rights of parties." The section is as follows: "That the husband may sue either alone or jointly with his wife for the recovery of any effects of the wife; and in case he fails or neglects so to do, she may, by the authority of the court, sue for such effects in her own name."

[**286**] It is not believed that the section just cited embraces this case, because, when taken in connection with the preceding section, it appears manifestly to relate to the wife's separate property defined and secured by the act. If, however, it could be so construed as to bring a right accruing to her in her representative capacity within its provisions, she should have averred and proved the fact of her husband's refusal or neglect to join her in the suit. The fact that a suit was pending for a divorce is not of itself sufficient to constitute the exception under which she could sue apart from her husband. (McIntyre v. Chappell, 2 Tex. R., 378.)

The fact of Mrs. Wright having been legally appointed administratrix cannot be inquired into in this collateral way. She has been appointed by a court of competent jurisdiction, and the record does not inform us of any legal impediment existing at the time, for she is not shown to have been a *feme covert* when administration was committed to her; and the judgment of the Probate Court on her capacity is not void, if voidable. Her capacity to receive the administration has not been questioned. It is her right to sue without joining her husband with her in the suit that is the matter in controversy. At common law a wife could be an executrix, administratrix, or guardian with the assent of her husband, but it seems clear that she could not without his assent. It is not believed, however, she could sue as such without his being joined with her; nor could she be sued on her bond without making the husband a party defendant. The cases referred to by Judge Whipple to sustain her competency to be a guardian were cases where she had been sued on her bond, and her husband was in every case sued with her. (2 Doug. Mich. R., 434.) In the ecclesiastical courts she could sue as a *feme sole*.

Our statute of 1848, to regulate proceedings in the County Court pertaining to the estates of deceased persons, in the 24th section makes the following provision: "That wherever a married woman may be appointed executrix or administratrix, [**287**] and shall wish to accept and qualify as such, she may, jointly with her husband, execute such bond as the law requires, and acknowledge the same

before the chief justice of the court where the will was proved or the letters were granted, and such bond shall bind her estate in the same manner as if she were a *feme sole;* and whenever an executrix or administratrix may be a married woman, she and her husband shall act jointly in all matters pertaining to her said representative capacity." This act was not in force when the administration was committed to Mrs. Wright, but it was when the suit was brought; and I presume that it cannot be doubted that in all proceedings after it went into operation it formed the rule of action. If so, she could not act in anything pertaining to the estate without the husband being joined with her.

Judgment reversed.

Note 56.—When in consequence of any unauthorized act of the husband, in violation of the marital rights of the wife, it becomes necessary for her to sue a third person, there is no necessity that she should be joined by her husband, nor that she should obtain the permission of the court to sue alone. (O'Brien v. Hilburn, 9 T., 297.) But see Murphy v. Coffey, 33 T., 508; Jackson v. Cross, 36 T., 193; Kelley v. Whitmore, 41 T., 647.

Note 57.—Towner v. Sayre, *ante,* 28.