Worthington *vs.* Cooke.

# MARY G. WORTHINGTON *vs.* ARIETTA COOKE.

*Apportionment of Rent—Right of Lessor to sue in Covenant for the whole Rent, and recover the Part to which he is entitled.*

W. executed to C. a lease of certain premises for ninety-nine years, renewable, the lessee covenanting to pay a certain annual rent for the premises, and all taxes thereon. W. sued C. in an action of covenant, and the breach alleged was the non-payment of rent accrued due, and certain taxes that had been assessed. C. pleaded, among other pleas, that prior to the alleged claims of the plaintiff, the defendant conveyed all her interest in the leasehold premises to one L., in whose name the plaintiff thereafter rendered her bills for rent; and that afterwards, and prior to any of the supposed breaches of covenant on the part of the defendant, the plaintiff and L. jointly conveyed part of the premises covered by the lease to V. in fee, in consideration of $2500, paid to the plaintiff. On a demurrer to this plea, it was HELD:

1st. That the rent was apportionable.

2nd. That the plaintiff was entitled to sue in covenant for the whole rent, and recover the part to which she was entitled.

APPEAL from the Baltimore City Court.

This was an action of covenant brought by the appellant against the appellee and her husband for the non-performance of certain covenants, (the payment of rent and taxes) on the part of the appellee, contained in a lease for a renewable term of ninety-nine years. Upon a former appeal, (*Vide* 52 *Md.*, 297,) this Court held that the husband was improperly joined, and remanded the case. The husband's name being stricken from the declaration, the appellee pleaded, among other pleas, an amended sixth plea. A further statement of the case is contained in the opinion of the Court.

The cause was argued before BOWIE, GRASON, MILLER, ROBINSON and IRVING, J., for the appellant, and submitted on brief for the appellee.

*L. L. Conrad* and *Daniel M. Thomas*, for the appellant.

*W. A. Hammond*, for the appellee.

GRASON, J., delivered the opinion of the Court.

This is an action brought in covenant by the appellant against the appellee, her lessee. The sixth plea, which goes to the whole *narr.*, alleges that prior to the alleged claims of the plaintiff, the defendant conveyed all her interest in the leasehold premises to one Emory G. Lee, in whose name the plaintiff thereafter rendered her bills for rent, and that afterwards and before any of the supposed breaches of covenant by the defendant, the plaintiff and Emory G. Lee jointly conveyed part of the premises covered by the lease, to wit, about twenty acres thereof, to one Catharine S. Veara in fee, in consideration of the sum of twenty-five hundred dollars paid to the plaintiff, by reason whereof the defendant was not liable for any of the supposed breaches of covenant, in manner

Worthington *vs.* Cooke.

:and form as alleged. To this plea there was a demurrer, and judgment was rendered for the defendant on the demurrer, and from that judgment this appeal was taken.

It is claimed by the appellant and not denied by the appellee that a covenant to pay rent, which runs with the land, binds the lessee during the whole term, notwithstanding there has been an assignment of the term by the lessee and an acceptance of the rent by the lessor from the assignee. In view of the uniformity of the decisions upon this point, the proposition could not be well disputed. It was contended on the part of the appellee, that, in view of the facts in this case, the appellant cannot, in any event, recover the whole of the rent declared for, and this is conceded by the appellant. But it is further contended by the appellee, that, in a case of this description, the rent is not apportionable, and, consequently, that no part of the rent can be recovered. This contention is based upon the case of *Stevenson vs. Lambard*, 2 *East*, 578, in which it is claimed that Lord ELLENBOROUGH held that "in covenant as between lessor and lessee, where the action is personal, and upon a mere privity of contract, and on that account transitory as any other personal contract is, the rent is not apportionable." We have examined with care that decision and find that the case before him was an action of covenant by the lessor against the *assignee* of the lessee for non-payment of rent, and therefore the question whether in an action of covenant by the lessor against the lessee the rent was apportionable, was not involved in the case. But be this as it may, Lord ELLENBOROUGH's views, as expressed in that case, have not been followed in the later decisions, but they have held, with great unanimity, that in such cases the rent is apportionable, so that now there seems to be little or no doubt upon the question. *See Platt on Cov.*, 240 ; 2 *Cruise's Dig.*, 211 ; *Platt on Leases*, 132, and authorities there cited ; 3 *Kent's Com.*, 469 ; *Coke Litt.*, 539 ; *Taylor's Landlord*

*& Tenant*, 364; *Smith's Landlord & Tenant*, 296, 297; *Bliss vs. Collins*, 5 *B. & Ald.*, 876; *Reed vs. Ward.*, 22 *Pa.*, 144; *Ingersoll vs. Sergeant*, 1 *Whart.*, 338; *Twynam vs. Pickard*, 2 *B. & Ald.*, 105; 1 *Jac. & Walker*, 181; *Crosby vs. Loop, et al.*, 13 *Ill.*, 626. Where the rent is apportionable, an action by the lessor for his portion of the rent need not be limited to that part, but he may sue for the whole and recover as much as the jury may find that he is entitled to, and he will be barred as to the residue. *Taylor's Land. and Ten.*, sec. 383; *Platt on Leases*, 146; *Bliss vs. Collins*, 5 *B. & Ald.*, 876; *Van Rensselaer's Ex'r vs. Gallup*, 5 *Denio*, 454. There seems therefore to be no doubt that, where the lessor grants part of the reversion, the rent is apportionable, and further, that the lessor may sue in covenant for the whole rent and recover the part to which he is entitled, and this being so, the sixth plea of the defendant was demurrable in point of law, and the Court below erred in overruling the demurrer to it. The judgment appealed from will be reversed and the cause remanded.

*Judgment reversed, and*
*cause remanded.*

(Decided 17th March, 1881.)