## POLK v. ALMINDINGER. (No. 8225.)

(Court of Civil Appeals of Texas. Galveston. June 9, 1922.)

1. **Sales ⬅==377—Petition in action for buyer's breach does not state cause of action, when not showing any loss.**

A petition alleging the execution of a contract for the sale of live stock and other chattels and a breach thereof by the buyer, but not alleging that the market value was less than the agreed price or any other facts showing that the seller suffered any loss, did not state a cause of action.

2. **Pleading ⬅==8(20)—Allegation that plaintiff was damaged is a conclusion, unless damage could be presumed.**

An allegation that by reason of defendant's breach of contract plaintiff has been damaged in a specific sum is merely a conclusion of the pleader, unless the wrong complained of is one from which it can be presumed that damages would necessarily result.

3. **Pleading ⬅==212—Failure to urge general demurrer before trial merely preserves right to amend.**

Where the petition failed to state a cause of action, defendant's failure to present and urge

⬅==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his general demurrer before trial on the merits merely preserved to plaintiff the same right to amend that he would have had, if the demurrer had been presented and sustained before a hearing on the merits.

**4. Dismissal and nonsuit ⊚⊶72—Motion to dismiss not granted, unless plaintiff given opportunity to amend.**

Defendant's motion, made at the trial, to dismiss the suit for failure of petition to state cause of action, should not be granted until plaintiff has been given opportunity and has declined to amend the petition.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by J. B. Almindinger against A. A. Polk. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Lewis Fogle, of Houston, for appellant.
Fulbright & Crooker, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for the alleged breach by appellant of a contract of sale of personal property by appellee to appellant. The following sufficient general statement of the pleadings and of the questions presented by the appeal is copied from appellant's brief:

"By the terms of the contract, Almindinger was to deliver to Polk certain live stock and other chattels of the total valuation of $5,090.37, in consideration of which Polk was to pay $600 in cash, assume certain indebtedness amounting to $1,490.37, including accrued interest, and to assign vendor's lien notes of the face value of $3,000, secured by a lien on 10 acres of land in Missouri.

"The petition alleges the making of the contract and that plaintiff was able, ready, and willing to perform his part, but that the defendant refused to carry out his part of the contract and take the property. Plaintiff further alleges that the 10 acres of land in Missouri is located in the Missouri river and is worthless, and that the same was known to defendant at the time of the trade, and that defendant never owned any vendor's lien on the property or any other interest therein. Then comes the only allegation as to damages, which is as follows: 'That by reason of defendant's failure and refusal to comply with the terms of said contract between himself and plaintiff, plaintiff has been damaged in the sum of fifteen hundred dollars ($1,500.00), the failure in refusal of defendant to comply with said contract being the proximate cause of said damages suffered by plaintiff.' In his prayer for relief, plaintiff prays that 'he have judgment for his damages and all costs,' without stating any amount, and for general and special relief.

"The defendant's answer consists of a general demurrer, a general denial, and special allegations of material misrepresentations on the part of Almindinger as to the amount of milk the cows were giving, the number of eggs the chickens were laying, and the character of the lease which Almindinger had on the dairy farm, and which was to be assigned to Polk.

"The case was tried before the court without a jury. It was undisputed that the contract was made and that Polk refused to carry it out. The most of the testimony was on the question of the amount of milk the cows gave and as to what representations were made by Almindinger, and the negotiations leading up to the contract, and Polk's reasons for refusing to carry out the contract. Since the assignments of error do not touch these questions of fact, it is not necessary to set out that part of the testimony. It is only necessary to give the evidence as to values of the property and damages; appellant's assignments of error being directed exclusively to the sufficiency of plaintiff's pleadings and to the evidence as to damages."

The trial in the court below resulted in favor of plaintiff in the sum of $1,500.

Under appropriate assignments of error appellant presents the following propositions, upon which his appeal and claim for reversal of the judgment are predicated:

"First Proposition. Allegations of the execution of a contract and its breach, followed by a general averment that plaintiff was damaged in the sum of $1,500 by reason thereof, without alleging any fact or facts showing how much damage arose, do not state a cause of action within the jurisdiction of the district court.

"Second Proposition. The district court has no jurisdiction to render judgment for damages in the absence of any allegation of fact showing damage to have resulted, but only the general averment that 'plaintiff has been damaged in the sum of $1,500.'

"Third Proposition. In an action for breach of contract for the exchange of property, where there was no performance by either party, and there is no allegation that plaintiff sustained any loss of profits or special damage, by reason of defendant's failure to perform, judgment in favor of plaintiff for $1,500 is erroneous.

"Fourth Proposition. In an action for damages for breach of a contract wholly executory, a judgment for plaintiff for $1,500 will not be sustained, where the testimony by plaintiff that the market value of the chattels to be delivered by him under the contract was what he was to get for them is uncontradicted, and there is no pleading or proof of any special damages."

Appellant's general demurrer to the petition was not passed upon nor presented to the court before the hearing on the facts, but upon the conclusion of the evidence appellant moved the court to dismiss the suit on the ground that the petition failed to state a cause of action of which the district court had jurisdiction. The court overruled this motion and rendered judgment for the appellee, as before stated.

[1, 2] We agree with the appellant in his contention that the petition fails to state a cause of action, in that it fails to state any fact which would entitle plaintiff to recover

damages. It simply alleges the execution of the contract and its breach by defendant, and that by reason of such breach plaintiff has been damaged in the sum of $1,500. Such an allegation of damage is merely a conclusion of the pleader, unless the wrong complained of is one from which it can be presumed that damages would necessarily result. Damages are not the necessary result of a breach of a contract for the sale of property, and a petition seeking recovery of damages for the breach of such contract must state the facts which occasioned the damage. If every fact stated in this petition be admitted, plaintiff is not shown to have been damaged by defendant's refusal to comply with his contract.

There is no allegation that the value of the property which defendant contracted to buy was worth less than the amount defendant agreed to pay therefor, nor are any other facts alleged showing that plaintiff suffered loss in any way by defendant's failure to perform. In the case of Sutton v. Page, 4 Tex. 142, which was a suit for breach of a contract for the sale of land, our Supreme Court says:

"The alleged breach of covenant consists in the raising of the location by the defendants, or their intestate, of the headright certificate of the latter, from the land contracted to be conveyed to the plaintiff, and the consequent inability of the defendants to make title agreeably to the condition of the bond. For this breach of contract, the plaintiff alleges that he is entitled to recover damages, which he estimates at $2,000. But he does not allege the special facts and circumstances which have occasioned the damages claimed. And it is a rule, which ought to be as obligatory here as in England, that, unless the damages be such as may be presumed necessarily to result from the breach of contract, it will be necessary to state in what the damage consists, specially and circumstantially, in order to apprise the defendant of the facts intended to be proved."

In Caswell v. McCall (Tex. Civ. App.) 163 S. W. 1001, which was a suit to recover damages for breach of a contract of the sale of cotton, the court says:

"The petition failed to state a cause of action, for the reason that it did not specifically allege facts authorizing a recovery on the part of appellant. It alleged a contract and its breach, and then averred that the plaintiff was damaged in the sum of $500 by reason thereof, without alleging any fact or facts showing how such damage arose. 'A cause of action is said to consist of three elements: The plaintiff's right, the violation of this right by defendant, and the legal injury to the plaintiff by reason of such violation—and ordinarily a full and clear statement of the cause of action must contain a direct allegation of every fact going to make up each of these elements.' Page 307, Townes on Pleading. The allegation that he was damaged is the mere conclusion of the pleader, and not the statement of a fact. See 13 Cyc. p. 173 et seq.; 31 Cyc. p. 109, subd. 14. In 13 Cyc.,

supra, it is said: 'A complaint under which evidence of the alleged damage may be received must allege facts constituting a cause of action; alleging damages as a mere conclusion of the pleader being insufficient.' See Welder v. Dunn, 2 Willson, Civ. Cas. Ct. App. §§ 96, 97."

[3] The appellant's failure to present and urge his general demurrer before the cause went to trial on the merits does not affect the question otherwise than to preserve to appellee the same right to amend that he would have had, if the demurrer had been presented and sustained before a hearing on the merits. There being no cause of action alleged, the trial court, when the motion to dismiss on this ground was made, should have stopped the proceeding, sustained the general demurrer, and given plaintiff the opportunity to amend his petition.

[4] The motion to dismiss the suit should not be granted until the plaintiff has been given the opportunity and declined to amend his petition. The contention of appellant that the evidence is insufficient to sustain the judgment must also be sustained.

In view of another trial we will not discuss the evidence, further than to say that the proof of damage made by the plaintiff was too indefinite and uncertain to sustain the judgment. For the reason indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.