## SOUTHWESTERN COOPERAGE CO. v. KIVLEN et al. (No. 9167.)

(Court of Civil Appeals of Texas. Dallas. Nov. 8, 1924.)

1. Sales ⬅129—Buyer's remedies, on delivery of goods not contracted for, stated.

On delivery of steel hoops not of measurements and gauge contracted for, buyers could elect to sue for damages for breach of contract, or to rescind contract and recover price paid.

2. Sales ⬅411, 418(3)—Difference between market values of goods contracted for and actually delivered is measure of damages; damages must be alleged.

Measure of damages for failure to deliver steel hoops of measurements and gauge contracted for would be difference between market values of kind called for and those delivered, and such values must be alleged, in action for such breach.

3. Sales ⬅129—Petition held insufficient as alleging cause of action for partial rescission of indivisible contract.

Petition, disclosing but one indivisible contract for purchase of 900 bundles of steel hoops, received in one shipment, for lump sum, and that 200 bundles were tendered back, *held* to state no cause of action, in absence of allegation as to damages, required in action for breach of contract; suit being for partial rescission of entire indivisible contract.

4. Sales ⬅287(1)—Circumstances in which purchaser accepting installment of goods need not accept subsequent installments stated.

Where right is reserved in contract, or subsequently acquired, or contract for purchase of goods to be delivered in installments is breached as to warranty, quantity, or quality, acceptance of part or installment of goods answering warranty will not obligate purchaser to accept subsequent installments, which are deficient or defective.

5. Appeal and error ⬅909(5)—Exception to rule, obligating purchaser accepting part of goods to accept subsequent installments, not presumed in support of judgment.

In absence of allegations of right reserved in contract or subsequently acquired, or breach of contract for delivery in installments as to warranty, quantity, or quality, it cannot be presumed, in support of judgment for amount paid seller for goods rejected, that acceptance of part of goods answering warranty did not obligate purchaser to accept subsequent deficient or defective installments.

6. Sales ⬅62, 129—Contract held indivisible; contract not subject to partial rescission.

Contract to purchase 900 bundles of steel hoops, in three lots, of different measurements and gauges, for lump sum, *held* indivisible, at least as to 300 bundles of certain gauge hoops, and hence not subject to partial rescission by tendering return of 200 of latter bundle while retaining remainder.

7. Contracts ⬅273—Cannot be set aside in part for fraud.

Contract cannot be set aside in part for fraud, and enforced as to part beneficial to party defrauded, but must be repudiated or affirmed as whole.

8. Contracts ⬅265—No rescission without full restoration of status quo.

Without full restoration of status quo, there can be no rescission.

9. Appeal and error ⬅909(5)—Allegation and proof of exception to rule forbidding partial rescission of contract cannot be presumed in support of judgment.

Every presumption should be indulged in support of judgment only to extent of assuming that every fact alleged in petition was established by proper proof, and it cannot be presumed that exception permitting partial rescis-

sion of contract of sale by buyer was properly alleged and proved.

**10. Sales ☞411—Judgment for damages on allegations solely for partial rescission of entire contract erroneous.**

Judgment for amount paid by buyer for steel hoops, not of· measurements and gauges contracted for, on allegations solely for partial rescission of entire contract, *held* improper, even supposing that court heard and rendered judgment in accordance with testimony showing right to rescind as to goods tendered back or recover damages for breach of contract.

**11. Sales ☞413—Buyers must allege stipulations entitling them to partially rescind entire contract.**

Provision of entire contract giving buyers right to partially rescind it must be pleaded by them to recover money paid for part of goods tendered back as not of measurements, etc., contracted for.

**12. Sales ☞411—Allegation of delivery of steel hoops of different gauge than contracted for held insufficient to warrant recovery of amount paid therefor.**

Allegation that part of steel hoops, delivered under entire contract of purchase, were of different gauge than that contracted for, *held* not to warrant recovery of damages in amount paid therefor, in absence of allegation of damage suffered because of such fact, or allegation as to difference between values of hoops delivered and contracted for, or allegation of special damage.

**13. Damages ☞142—Special damages must be pleaded.**

Special damages must be pleaded, to be recovered.

**14. Sales ☞411—Judgment for shortage in weight held not warranted.**

Judgment for shortage in weight of steel hoops delivered *held* not warranted in absence of allegation that shortage was in portions of shipment outside number of bundles, for purchase price of which buyer also recovered judgment.

Error from District Court, Dallas County; Louis Wilson, Judge.

Suit by Dan A. Kivlen and others against the Southwestern Cooperage Company. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Burns, Christian, Gumm & Gordon, of Fort Worth, for plaintiff in error.

M. M. Plowman, of Dallas, for defendants in error.

VAUGHAN, J. This suit was instituted by the defendants in error, Dan A. Kivlen, Charles A. Kivlen, Anna M. Kivlen, Ellen H. Kivlen, John R. Kivlen, Nell G. Bruce, joined by her husband, Alf Bruce, William S. Walsh, and J. J. Carnes, who were plaintiffs in the lower court, and constituted the Dallas Cooperage & Woodenware Company, against plain-

tiff in error, Southwestern Cooperage Company, which was defendant in the lower court, to recover $1,019.10, on the ground that defendants in error had purchased some steel hoops from plaintiff in error, and that some of the hoops which were delivered were not of the gauge contracted for, and that there was a shortage in weight. The original petition was filed May 12, 1922, to which defendant (plaintiff in error) filed a formal answer on June 6, 1922. Amended original petition was filed October 4, 1922, in which it was alleged:

That on or about July 6, 1920, the plaintiffs entered into a contract in Dallas, Tex., with the defendant, Southwestern Cooperage Company, whereby they purchased from said defendant a certain number of bundles of steel hoops and steel material, same to be shipped f. o. b. cars, Dallas, Tex., with draft and bill of lading attached, at $6.45 per hundred pounds, as follows:

| | | | | | |
|---|---|---|---|---|---|
| 300 B. head | 1–11/16x18x15′ 11″ | 22950 | @ 6.45.... | $1480 28 |
| 300 B. S. | 1–7/16x19x6′ 5″ | 18990 | @ 6.50.... | 1234 35 |
| 300 B. bilge | 1–11/16x19x6′ 9″ | 24402 | @ 6.50.... | 1586 13 |
| | | 66342 | | $4300 76 |

That the aggregate number of said steel hoops was 900 bundles of three different measurements and gauges, viz. 300 bundles of each measurement and gauge; · that the aggregate price was $4,300.76; that said contract provided for certain specified and defined measurements and gauges, and that same were to be used in plaintiff's business in the manufacture of barrels; that thereafter said steel hoops were received by plaintiffs from defendant in Dallas, and deposited in their warehouse for the purpose of future use; that plaintiffs, at the time of receiving said steel hoops, relied upon the agreement and statement by defendant that they were in accordance with the gauge agreed upon and paid said defendant in full for same, relying upon the representations of defendant that said steel contained the agreed number·of pounds; that plaintiff had no opportunity to determine whether or not said steel contained the exact gauge or the agreed number of pounds, but relied wholly upon the representations made by said defendant; that said defendant agreed to ship said merchandise according to the size and weight therein stated, and that defendant fraudulently led plaintiffs to believe that the exact measurement as contained in said agreement and invoice would be shipped to plaintiffs, and, relying upon the said representations, plaintiffs believed that the size and weight agreed upon would be so shipped, but, instead of shipping said size and weights, as plaintiffs thereafter discovered, the defendant shipped and delivered to plaintiffs 200 bundles of 1–11/15x19.20 gauge 15′11″ hoops, steel No. 5300, at $6.45 per hundred, and charged plaintiffs therefor the sum

of $986.85, whereas said defendant had agreed to ship, and contracted to sell to plaintiffs, No. 18 gauge, and had led plaintiffs to believe, by reason of the conduct and statements made by said defendant, that they were in fact receiving No. 18 gauge, and said plaintiffs were deceived by said representations and relied fully upon the same, and had no other opportunity to discover said fraud until as hereinafter shown; that there was a shortage of 500 pounds in weight, to plaintiffs' damage in the sum of $32.25; that after delivery of said steel said sum demanded by the defendant for the same was paid to defendant by plaintiffs, they at that time not having discovered said fraud in difference in weight and difference in gauge, and subsequently thereto they informed said defendant of the difference in number of gauge and shortage in weight, and requested that said defendant comply with its said contract, which it refused to do; that plaintiffs tendered to defendant the 200 bundles of steel, and informed defendant that same were held in Dallas in plaintiffs' warehouse, subject to defendant's order, and that defendant refused and failed to accept same; that plaintiffs here again tender said defendant said 200 bundles of steel; that defendant has failed and refused to accede to the demands of plaintiffs, and refused to deliver said plaintiffs the No. 18 gauge steel, as contracted for, and refused to make good the difference in weight and shortage, to plaintiffs' damage in the total sum of $1,019.10, together with interest thereon from July 6, 1920, being the amount paid by plaintiffs to said defendant for said 200 bales of gauge steel, and the shortage in weight, to wit, 500 pounds—the prayer of said petition being that plaintiffs have judgment against said defendant in the sum of $1,019.10, together with legal interest thereon from said date, and cost of suit, and for such other and further relief, general and special, to which they may be entitled, either in equity or in law.

The answer of plaintiffs in error, filed to the original petition, consisted of general demurrer and general denial. Judgment was rendered on the 9th of February, 1923, in favor of the defendants in error, in the absence of plaintiff in error, and without any ruling on its general demurrer, which was not called to the attention of the court.

In disposing of this appeal, we shall do so by a general discussion; it not being necessary to discuss seriatim the several propositions advanced. The pivotal contention of plaintiff in error is that, the amended petition on which the judgment appealed from was rendered being for a partial rescission of the purchase of the hoops shipped to them by plaintiff in error, a valid cause of action was not alleged, as a contract or sale cannot be partially rescinded, and therefore the rendition of said judgment was fundamental error, and should be vacated and set aside.

Defendants in error, in effect, alleged in their petition that they made a contract with plaintiff in error for the purchase of 900 bundles of steel hoops, of three kinds, to wit, 300 bundles of each kind, as follows: 300 bundles of 1–11/16x18x15'11" at $6.45, 300 bundles of 1–7/16x19x6'5" at $6.50, and 300 bundles of 1–11/16x19x6'9" at $6.50; that the first-named group were No. 18 gauge hoops, so that the said contract called for the delivery of 300 bundles of No. 18 gauge hoops and 600 bundles of other gauges; that thereafter said hoops of steel and bundles were received by defendants in error from plaintiff in error in Dallas and deposited in their warehouse for future use; that 200 bundles of said steel were not 18 gauge, but were 1–11/16x19.20 gauge, for which they paid $986.85; that they had tendered said 200 bundles to plaintiff in error by informing it that they held same in their warehouse in Dallas, subject to its order, and that they were then tendering same to plaintiff in error and prayed for the recovery of the amount paid for said bundles of steel, and, in addition thereto, for damages on account of 500 pounds shortage in weight.

[1-3] Conceding that some of the bundles of steel were not of the measurements and gauge contracted for, defendants in error had their election of remedies, either to sue for damages on account of breach of the contract, or to rescind the contract of purchase and recover the price paid. This election was made by defendants in error through the filing of their petition for a rescission of the contract of sale, although same was only for a partial rescission. If the action instituted by defendants in error had been to recover damages on account of the breach of the contract of sale, the measure of damages would have been the difference between the market value of the kind of hoops called for in the contract and the market value of the hoops that were actually delivered. In such action it would have been necessary to allege said market values. There is no allegation of market values in the petition in this case. There is no allegation as to the value of the 200 bundles of hoops complained of, or that they had no value, or even that they were inferior to, or less valuable than, the hoops that were contracted for. The allegations therefore exclude the idea that the suit was brought for any other purpose than that of rescission; there being no basis in the petition for recovery on the theory of damages on account of the breach of the contract.

[4, 5] The cause of action as presented, being one for the partial rescission of the contract of sale, in that the petition discloses that but one contract was made for the purchase of the 900 bundles of steel hoops; that same were received, as disclosed by the al-

legations of the petition, in one shipment, and stored by defendants in error in their warehouse; that the contract price was a lump sum for the entire 900 bundles; that 700 bundles were retained by defendants in error and 200 bundles tendered back to them, and for which alone rescission was sought by defendants in error—said petition does not disclose a valid cause of action, unless the contract of sale under which said 900 bundles of hoops were purchased was devisible. Where the right has been reserved, either in the contract itself or subsequently acquired, or where contract for the purchase of goods to be delivered in installments has been breached, either as to warranty or a deficiency in quantity or quality, an acceptance of a portion or installment of the goods which answered the warranty will not obligate the purchaser to accept subsequent installments which are deficient or defective. Black on Rescission and Cancellation, vol. 2, sections 586–88. Had either of said exceptions existed in favor of defendants in error, it would have devolved upon them to allege same in their petition. Under the allegations which exclude the idea of the existence of any such exception, it cannot be presumed, in support of the judgment, that same in fact did exist, and was made the basis for the right of recovery as recognized by the judgment rendered, for this would be but including in the petition an allegation necessary to show a valid cause of action, the existence of which the allegations, as contained in the petition, exclude.

[6, 7] The contract as alleged is indivisible as to the entire 900 bundles of hoops purchased, therefore not subject to a partial rescission, but could only be rescinded in its entirety. This was not sought by the defendants in error. If, perchance, it could be held that we are mistaken in saying that the whole contract was indivisible, it nevertheless cannot be questioned that the part of it which provided for the delivery of 300 bundles of No. 18 gauge hoops was indivisible, so that defendants in error could not rescind it by tendering the return of 200 bundles, while they elected to ratify the contract by the retention of 100 bundles. Ogburn-Dalchau Lbr. Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48. This would be but to permit the defendants in error to set aside the contract in part for fraud, in so far as against their interest, and to enforce that part of the contract beneficial to them; in other words, to retain all the benefits of the contract and escape its obligation on account of the fraud, which would be in direct violation of the fundamental principle governing the rescission of contracts, to wit, that same must be repudiated as a whole or affirmed as a whole. Caldwell v. Dutton, 20 Tex. Civ. App. 369, 49 S. W. 723; Paige on Contracts, vol. 1, § 353; 13 C. J. 623; Continental Jewelry v. Pugh, 168 Ala. 295, 53 So. 324, Ann. Cas. 1912A, 657; Syme-Eagle & Co. v. Joplin Gro. Co., 206 Mo. App. 357, 229 S. W. 246; Mansfield v. Trigg, 113 Mass. 350; Morse v. Brackett, 98 Mass. 205.

The contract of sale in this case was entire, in that but one consideration was paid for the 900 bundles of hoops. Only one contract was made, same being for a particular lot; only one shipment was made of the 900 bundles, which were received by defendants in error and stored in their warehouse. Associated Mfg. Co. v. Jordan (Tex. Civ. App.) 223 S. W. 1050.

[8] The petition clearly discloses that there was no attempt on the part of defendant in error to destroy the status quo, but, to the contrary, that it was not the intention to make a full restoration of the status quo, without which, it is a well-recognized doctrine that there can be no rescission. Bowden v. Wagner (Tex. Civ. App.) 210 S. W. 605.

[9] It is contended by defendants in error that every presumption should be indulged in support of the judgment. This is a correct statement of a familiar rule, which we have duly observed in the instant case. However, the rule only extends to, and not beyond, the allegations contained in the pleadings on which judgment was rendered. In other words, we have assumed that every fact alleged in the petition was established by proper proof. Beyond this we cannot go, for we would then be but invading the realm of mere speculation to establish the allegation of a cause of action which would have, but for such presumption, no other character of existence, to wit, that defendants in error properly alleged the existence of an exception to the general rule permitting them to partially rescind the contract, and that in support thereof evidence had been introduced establishing same.

[10] It is further contended, in this connection, by defendants in error that under their pleadings the facts might have shown either the right to rescind as to the 200 bundles of steel, or it might have shown a case for damages for breach of contract, and that, in any event, the supposition should be indulged that the court heard such testimony and rendered judgment in accordance with the facts. To this we reply, regardless of the facts the judgment was improperly entered because the pleadings did not contain the essential allegations to warrant a judgment either for rescission or for damages; the allegations on which the judgment was rendered being solely for a partial rescission of an entire contract as above stated. Zimmerman Land & Irrig. Co. v. Rooney Merc. Co. (Tex. Civ. App.) 195 S. W. 201, 205.

[11] The cause of action of defendants in error as set up in their petition is for the recovery of money to which they claim they

are entitled on account of the fraud practiced upon them by plaintiff in error. They do not seek to recover the money on the ground that a provision of the contract expressly gave them the right to return the goods and have their money repaid. There is no allegation of an express stipulation in the contract to the effect that defendants in error could return a part of the goods and recover their money or of any other option which was secured to them in the contract which would give them the right to partially rescind said contract; the entire allegation describing the contract being as follows:

"That heretofore, on or about July 6, 1920, the said plaintiff entered into a contract at Dallas, Tex., with said defendant, Southwestern Cooperage Company, wherein it purchased from said defendant a certain number of steel hoops and steel materials to be furnished f. o. b. cars, Dallas, Tex., with draft and bill of lading attached, at $6.45 per hundred pounds, as follows."

If the contract contained any special provision which defendants in error desired to rely on as giving them the right to partially rescind the contract, it was necessary for them to plead it. J. M. Radford Gro. Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998–1000; 13 C. J. 716. From which last citation we quote as follows:

"All parts of the contract counted on which are material for the purpose of enabling the court to form a just idea of what the contract actually was, or which are necessary for the purpose of furnishing a basis for the assessment of damages, must be stated with certainty and precision, and it will not do to set forth the evidence of the contract, instead of the contract itself."

[12, 13] Defendants in error were not entitled to recover damages under their pleadings, because their pleadings do not afford any basis upon which damages could have been estimated. Their pleadings show that 200 bundles of steel hoops which were delivered to them were of a different gauge than that contracted for, and for which they paid $986.85. A recovery for damages could only be upon the theory that the purchaser has kept the goods and is entitled to recover the difference between the reasonable market value of same as received and the reasonable market value of the goods contracted for. There can be no presumption in this case that defendants in error suffered damage merely by reason of the fact that the hoops which were delivered were of a different gauge than that called for in the contract, especially in the absence of an allegation to that effect. The hoops that were delivered may have been equally as valuable as, or more valuable than those contracted for. There is no allegation as to the difference, if any, between the value of the hoops delivered and those contracted for, nor is there an allegation of special damage, so that there could be a recovery of special damages; it being fundamental that special damages must be pleaded in order to be recovered. Caswell v. J. S. McCall & Son (Tex. Civ. App.) 163 S. W. 1001; Polke v. Almindinger (Tex. Civ. App.) 243 S. W. 682; Carson v. Texas Installment Co. (Tex. Civ. App.) 34 S. W. 762; Wagner v. G. B. Colt Co. (Tex. Civ. App.) 234 S. W. 934.

[14] In addition to the item for recovery of the purchase price of the 200 bundles of steel above discussed, the petition of defendants in error contains an item for shortage in weight to the extent of 500 pounds, in the amount of $32.25. Their allegation in connection with this item is as follows:

"Plaintiff further shows that said defendant contracted and agreed to deliver said plaintiff said steel, and agreed that same should contain and be of the weight of the number of pounds as hereinabove set out, and as shown in its said invoice. Plaintiff shows that it relied upon said representations of said defendant, and believed that said bundles of hardware hereinabove described did contain the number of pounds and the weight agreed upon, and as set out in said invoice, but plaintiff shows that said bundles of steel and hardware did not contain the agreed number of pounds contracted for, but was five hundred pounds (500 lbs.) short in weight, to plaintiff's damage in the sum of $32.25."

The judgment, being for $1,108.89, evidently embraces the combined amount of said two items and interest. In this we think the trial court was in error, as judgment should not have been given for the weight shortage as alleged, because the petition did not allege that said shortage was in portions of the shipment outside of the 200 bundles complained of, so that, under the allegations in the petition, defendants in error could recover the purchase price of said 200 bundles, and also the shortage in weight of other bundles. This, of course, is but a double recovery, and not permissible or to be sanctioned. We hold that the petition on which the judgment appealed from was rendered is subject to general demurrer, and therefore will not support the judgment rendered.

The judgment of the lower court is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.

Reversed and remanded.