CHARLES SCHICK, Appellee, v. DAVENPORT REALTY COMPANY, Appellant.

**LANDLORD AND TENANT:** Rent—Purchase by Tenant of Undi-
1  vided Interest—Effect. A lessee who exercises his option under the lease to buy an undivided half of the leased premises does not cease to be the tenant of the lessor as to the undivided interest retained by the lessor, and after the purchase, such tenant remains liable *under the lease* to the lessor for one half of the originally reserved rent.

**PARTIES:** Plaintiffs—Real Party in Interest—Landlord and Tenant.
2  A lessor is the real party in interest to recover one half of the rent due him because of a purchase by the tenant of an undivided half interest in the premises.

Headnote 1:  36 C. J. p. 382.  Headnote 2:  36 C. J. p. 417 (Anno.)

*Appeal from Scott District Court.*—W. W. SCOTT, Judge.

NOVEMBER 17, 1925.

ACTION to recover certain rent claimed to be due on a written lease. The defense claimed was that the defendant had acquired an undivided one-half interest in the real estate, and was not liable to the plaintiff for any portion of the rent under the lease. The cause was tried to the court by agreement, without the intervention of a jury, and judgment entered for the plaintiff as prayed.—*Affirmed.*

*Ruymann & Ruymann,* for appellant.

*Lane & Waterman,* for appellee.

FAVILLE, C. J.—On or about the 20th day of December, 1919, appellee was the owner of certain property in the city of Davenport, and on said day entered into a written agreement with one Smith, whereby the said premises were

1. LANDLORD AND TENANT: rent: purchase by tenant of undivided interest: effect.

leased to the said Smith for a term of six years from and after January 1, 1920. The said lease provided for a yearly rental, to be paid in monthly installments, and contained a provision giving to the lessee an option at any time during said term to purchase a one-half interest in said described real estate, on certain terms and conditions with respect to the assumption of outstanding incumbrances and a cash payment. The contract provided that, if said option was exercised, the lessor was to convey to the lessee a one-half interest in the said premises. The lease was assigned by the original lessee to another party, who in turn assigned it to appellant, on or about October 23, 1922. Appellant immediately took possession of said premises under said written instrument, and shortly thereafter exercised the option providing for the purchase of a one-half interest in said premises; and on November 7, 1922, appellee, having been paid the purchase price provided in the contract, executed and delivered to appellant a written conveyance of an undivided one-half interest in said premises, subject to certain outstanding incumbrances. This suit is brought to recover one half of the rent under the original lease for the balance of the term. There is no dispute in the facts. The sole question is whether, under the facts stated, appellee was entitled to recover.

I. Appellant contends that appellee cannot recover upon the express contract of leasing, and that, if appellee is entitled to recover at all, it could only be upon an implied contract. There is no merit in this contention. Appellant is an assignee of the written contract of lease, and accepted said assignment and took possession of said premises solely by virtue thereof. Appellee is suing for the rent under and by virtue of the written instrument, and not otherwise. If entitled to recover at all,

appellee is entitled to recover under the written instrument, and at the rental therein stated.

II.   Appellant contends that appellee cannot maintain this action because he is not the real party in interest.

The Code of 1897, Section 3459, provides that every action must be prosecuted in the name of the real party in interest. Appellant claims that, having conveyed an undivided one-half interest in the real estate, appellee cannot maintain this suit to recover any portion of the rent under the lease, except as a trustee or agent, and that, such relation never having been created, the action cannot be maintained.   This contention is without merit.   Appellee brings the suit in his own right, as the real party in interest, to recover from appellant the portion of rent due to appellee under the terms of the written lease.   He is only claiming, and is only entitled to, his proportionate share of the rent reserved under the lease.   This he is entitled to recover in his own behalf.   In *Hill v. Reno*, 112 Ill. 154, under a somewhat analogous situation, the court said:

2. PARTIES: plaintiffs: real party in interest: landlord and tenant.

"We think it clear, from the authorities, that, upon appellant's purchase of his interest in the reversion, there was a merger, *pro tanto,* of the term, and consequently the covenants to pay rent, taxes, assessments, etc., were thereby extinguished as to the part purchased by him.   [Taylor on Landlord and Tenant, Sec. 502; *Carroll v. Ballance,* 26 Ill. 10.]   But we do not agree with counsel for appellees as to all the consequences which they assume will flow from such merger.   As we understand it, the merger of the term and extinguishment of the covenants as to appellant's interest did not, and does not, at all affect the respective rights of appellees under the lease.   As to them, and their several shares in the property, the lease and all its provisions are in force and effect just as though no merger or extinguishment had taken place, and will so remain as long as they continue to be owners of the reversion."

III.   Appellant contends that, by exercising the option to purchase provided for in the lease, the purchaser ceased to be a tenant of the property and became a vendee.

He became a vendee as to the undivided one-half interest conveyed, and as to such undivided one-half interest the rent

must be abated *pro tanto*. *Hill v. Reno*, supra. Granted that there was a merger, it would only be as to the undivided one-half interest in the premises that was conveyed by the deed from appellant to appellee. As to the remainder of the estate, there was no merger. The rent would be abated *pro tanto*. Appellant was not entitled to a cancellation of the lease upon the purchase of an undivided one-half interest in the fee, nor can he be relieved from his liability to pay rent under the lease as to the one half of the undivided interest retained by appellee. The parties still continued the relation of lessor and lessee as to the undivided one-half interest in said premises owned by appellee. *Patterson v. United Nat. Gas Co.*, 263 Pa. St. 21 (105 Atl. 828). See, also, *Simmons v. MacAdaras*, 6 Mo. App. 297; *Spencer v. Austin*, 38 Vt. 258; *Worthington v. Cooke*, 56 Md. 51. We are not dealing with a situation where a landlord conveys his entire interest in the premises to a tenant. The question as to whether or not there is a merger of estates is largely a matter of intention of the parties. In the instant case, it is very obvious that there was no intention that there should be such a merger of the undivided one-half interest of appellee in the lease, but only of the undivided interest which was conveyed to appellant.

The cases cited by appellant do not deal with such a situation as confronts us in this case.

The court did not err in holding that, under the undisputed facts, appellee was entitled to recover from appellant one half of the rent reserved under the lease for the term created by the written lease.

The judgment appealed from must be, and it is,—*Affirmed*.

EVANS, ALBERT, and MORLING, JJ., concur.