Bobby C. HALL, II, D.C., Appellant,

v.

PROFESSIONAL LEASING ASSOCIATES, Appellee.

No. 19162.

Court of Civil Appeals of Texas, Dallas.

April 14, 1977.

Ken Fuqua, Wilson, Berry, Jorgenson & Fuqua, Dallas, for appellant.

Frank Armstrong, Dallas, for appellee.

GUITTARD, Justice.

In this suit on an equipment lease, the district court, after trial without a jury, rendered judgment for the lessor for unpaid rentals, and the lessee appeals. The principal question is whether the lessee's obligation to pay the rentals provided in the lease terminated because of the lessee's purchase of a portion of the equipment subject to the lease. We hold that it did terminate with respect to the equipment purchased, and, since the lessor has made no claim for rent for the remaining equipment alone, we reverse and render judgment for the lessee.

The lease in question covered eighteen items of equipment used by the lessee in the practice of his profession as a chiropractor.

The lease provided for a term of five years and monthly rentals of $362.23. After the lessee had made monthly payments for almost three years, he paid an additional sum of $2,000 and received from the lessor a bill of sale to all of the equipment except one X-ray machine. At the same time, he advised the lessor that he no longer desired to use the X-ray machine, and he requested that the lessor take possession of it and dispose of it. The lessor did not take possession, but did advise the lessee that efforts would be made to obtain a buyer. At the time of trial the machine was still in the lessee's possession, but the lessee testified that he had replaced it with another machine. The lessor's proprietor testified that the monthly rental for the X-ray machine alone would have been $227.96 if computed on the same basis as the rental provided in the lease for all of the equipment described. The trial court found that the lessee failed to make the monthly payments under the lease in the amount of $6,968.30, held that the lease was "still viable at the time of the hearing," and rendered judgment for that amount, together with interest and an attorney's fee.

The lessee appeals on the ground that the bill of sale to all but one item of the equipment rescinded the lease and relieved him of his obligation to pay the monthly rentals. The lessor seeks to uphold the judgment on the theory that the obligations of the lease are still in force notwithstanding the sale. Neither party contends that the payment should be apportioned according to the value of the equipment remaining. The lessor contends that the bill of sale is not a subsequent contract inconsistent with the rental obligation in the lease and asserts that the effect of the bill of sale is "only to carve out a portion of those items covered by the lease which was upon terms and conditions agreeable to both parties at the time the Bill of Sale was entered into." Thus, it argues, the lessee's payment of the $2,000 only entitled him to a credit on the rentals payable under the terms of the lease, leaving the lessee liable for the remaining payments.

■ We cannot agree that the lessee's obligation to make the monthly payments in the full amount provided in the lease continued after he had bought and paid for a part of the equipment. Although the lease may have been regarded by the parties as a financing arrangement, the obligation to pay rent was not equivalent to a promissory note. The lease expressly provides that title to the property is in the lessor. Presumably, the monthly payments were to be made as consideration for the lessee's use of the lessor's property. The lessor concedes that no further obligation to pay rentals would have existed if all the equipment had been bought and paid for by the lessee. This result would necessarily follow under the rule that when two contracts between the same parties are inconsistent, the later contract is conclusively presumed to have superseded the earlier. *Willeke v. Bailey,* 144 Tex. 157, 189 S.W.2d 477, 479 (1945); *Ed Hoffman Motors v. G. F. C. Corp.,* 304 S.W.2d 216, 217–18 (Tex. Civ.App.—San Antonio 1957, writ ref'd n.r. e.); 6 Corbin, Contracts § 1296 (2d ed. 1962). For example, the obligation to pay rent under a real estate lease is discharged when the lessee acquires title to the reversion, because the lease is terminated by merger of the leasehold with the reversion. *Buell v. Simon Newman Co.,* 154 F.2d 35, 37–38 (9th Cir. 1946); *Lansing v. Pine,* 4 Paige Ch. (N.Y.) 639 (1834)[1]; 3A Thompson, Real Property, § 1315 at 524 (1959 repl.). When the later contract is only partly inconsistent, the earlier contract is superseded only to the extent of the inconsistency. Corbin, *supra,* at 213. Thus it has been held that when the lessee acquires the reversion in part of the property leased, the rent should be apportioned. *Higgins v. California Petroleum & Asphalt Co.,* 109 Cal. 304, 41 P. 1087, 1088 (1895); *Hill v. Reno,* 112 Ill. 154, 54 Am.R. 222, 227 (1885); *Schick v. Davenport Realty Co.,* 200 Iowa 997, 205 N.W. 782, 783 (1925); Thompson, *supra,* § 1298 at 447, § 1315 at 524.

■ In accordance with these authorities, we hold that the lessor's execution of the bill of sale and acceptance of the $2,000 as purchase money for the equipment sold is inconsistent with any further obligation of the lessee to pay rent for the equipment purchased and, therefore, the lessee's obligation to make the monthly payments is extinguished to the extent that such payments were attributable to lessee's possession and use of that equipment. Consequently, the trial court erred in rendering judgment for the full amount of the unpaid rentals, as claimed in the lessor's petition.

■ The lessee contends further that the rental payments should not be apportioned because the contract is not divisible, citing *Southwestern Cooperage Co. v. Kivlen,* 266 S.W. 826 (Tex.Civ.App.—Dallas 1924, no writ). That case did not involve apportionment of rent. In view of the authorities cited above, we are not convinced that the lessee was relieved of his obligation to pay rent on the remaining equipment by his purchase of the equipment described in the bill of sale. Nevertheless, since the lessor did not plead for an apportioned rental and has taken the position on this appeal that no apportionment of the rental is proper, we conclude that the lessor has abandoned any claim to an apportioned rental. Accordingly, we reverse the judgment of the trial court and here render judgment for the lessee.

Reversed and rendered.

---

1. In *Lansing,* this rule was stated as follows:

For if a great and less estate,
Without one intermediate,
In the same person coincide,
It is a kind of parricide;
The great one sinks or drowns the small,
Never again to rise at all.