Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00548-CV

———————————

Dick Deguerin,
Jerry Legard, Barbara G. Hazard, Eddie Van Dyke, Ron Stegemoller, Chuck J.
Walters, and Todd Poehlmann,
Appellants

V.

Washington County Appraisal District and Washington County Appraisal Review Board,
Appellees



 



 

On
Appeal from the 335th District Court

Washington
County, Texas



Trial Court Case No. 34157

 



 

MEMORANDUM OPINION

Appellants, Dick DeGuerin, Jerry Legard,
Barbara G. Hazard, Eddie Van Dyke, Ron Stegemoller,
Chuck J. Walters, and Todd Poehlmann, appeal the
trial court’s judgment determining that certain property was taxable to
them.  In one issue on appeal, appellants
argue the trial court erred by determining that they held an interest in
the properties that would subject them to taxation.  Appellees, Washington County Appraisal
District and Washington County Appraisal Review Board, argue Walters and Poehlmann lack standing to challenge the tax assessment.

We affirm.

                                                                                                       
Background

In 2008, the Appraisal District sent appellants tax
assessments for private airplane hangars located at the City of Brenham
Municipal Airport.  Appellants protested
the assessments.  The Review Board determined
the appraisals were correct.  Appellants
brought an action for judicial review before the trial court.  The case was submitted to the trial court on
stipulated facts.  The trial court
determined that the hangars were taxable to the plaintiffs.  Appellants brought this appeal.

The Stipulation of Facts submitted to the trial court
provides as follows:

1.       Plaintiffs
are individuals residing in Harris County, Texas and Washington County, Texas.

2.       Defendant
Washington County Appraisal District (“WCAD”), is a
political subdivision of the State, authorized to appraise property for
property tax purposes by Tex. Tax Code Ann. § 6.01(c).  Defendant Washington County Appraisal Review
Board (“ARB”), is a quasi-judicial body authorized to determine taxpayer protests
pursuant to Tex. Tax
Code Ann. §§ 6.41 & 41.01.

3.       The
property involved in this suit consists of T-Hangar units located at City of
Brenham Municipal Airport.  The
Plaintiffs each lease a tract of land at the Airport upon which the hangars are
located.  See Exhibits “A-1” through “A-4.”  The hangars are affixed to the land.  Plaintiffs use the hangars for storage of
their private aircraft.

4.       Plaintiffs
generally acquired their interest in the hangars through “bills of sale.”  See Exhibits “B-1” through “B-2.”

5.       In
2008, WCAD determined that the airport hangars were taxable.  WCAD further determined that Plaintiffs owned
a taxable interest in the hangars.  WCAD
notified Plaintiffs of this determination by delivering to each Plaintiff a
notice of appraised value.  See Exhibit
“C.”

6.       Plaintiffs
DeGuerin, Hazard, Legard, Stegermoller, and Van Dyke timely protested WCAD’s 2008
notices of appraised value determination by filing protests with the ARB.  See Exhibit “D.”

7.       The
ARB held a hearing on Plaintiffs’ (DeGuerin, Hazard, Legard, Stegermoller, and Van
Dyke) protests, and determined that the hangars were taxable, and that
Plaintiffs were the owners.  See Exhibit
“E.”

8.       This
cause is a timely appeal from the Orders issued by the ARB on such 2008 protests.

                                                                                                             
Standing

In their brief on the merits, the Appraisal District and
the Review Board argue that Walters and Poehlmann lack standing to
challenge the tax assessment because they failed to exhaust their
administrative remedies.

A.            
Standard of Review

Standing is a component of subject-matter jurisdiction,
and we review it under the same standard as subject-matter jurisdiction
generally.  Tex.
Ass’n of Bus. v.
Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993).  “That
standard requires the pleader to allege facts that affirmatively demonstrate
the court’s jurisdiction to hear the cause.” 
Id.  When, as here, standing is raised for the
first time on appeal, we must construe the petition in the light most favorable
to the plaintiff, and if necessary,
review the entire record to determine if any evidence supports standing.  Id.  

Whether a court has subject-matter jurisdiction is a
question of law.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).

B.            
Analysis

The Tax Code procedures for adjudicating a property-tax
valuation protest are the exclusive remedies available to property owners.  See
Tex. Tax Code Ann. § 42.09(a) (Vernon 2008).  A property owner’s failure to pursue
administrative review of the initial valuation before the appraisal review
board “deprives the courts of jurisdiction to decide most matters relating to
ad valorem taxes.”  Cameron Appraisal Dist. v. Rourk, 194 S.W.3d 501, 502 (Tex. 2006).

The Appraisal District and the Review Board argue, “There
is no evidence in the record that Appellants Walters and Poehlmann timely protested
WCAD’s decision to tax their hangars.” 
We agree, though we disagree that this requires their dismissal on
appeal.

All the plaintiffs, including Walters and Poehlmann,
filed a single petition.  That petition
alleges:

In June of 2008, the Plaintiffs all filed their
respective Notice of Protest seeking a hearing before the Washington County
Appraisal Review Board (“WCARB”).  A
hearing was held before the WCARB on July 17, 2008.  On July 28, 2008 the WCARB issued Final
Orders Determining Protest in each of the respective protests thereby upholding
the inclusion of the individual T-Hangar units in the tax rolls of Washington
County, Texas and the assessment of ad valorem taxes against the
Plaintiffs.  All conditions precedent to
Plaintiffs’ right of judicial review of the WCARB’s decision having been
performed or having occurred, Plaintiffs are entitled to a trial de novo of the
WCARBS’s orders.

We hold that this is sufficient allegation of facts
to affirmatively demonstrate the court’s jurisdiction to hear the cause.  See Tex. Ass’n of
Bus., 852
S.W.2d at 446.

The Appraisal District and the Review Board did not file a
plea to the jurisdiction or in any other way challenge Walters’s and Poehlmann’s
standing to bring suit before the trial court. 
The only evidence regarding standing in the record is contained in the
Stipulation of Facts and accompanying documents.  The Stipulation of Facts asserts:

6.       Plaintiffs
DeGuerin, Hazard, Legard, Stegermoller, and Van Dyke timely protested WCAD’s 2008
notices of appraised value determination by filing protests with the [Review
Board] . . . .

7.       The
[Review Board] held a hearing on Plaintiffs’ (DeGuerin,
Hazard, Legard, Stegermoller,
and Van Dyke) protests, and determined that the hangars were taxable, and that
Plaintiffs were the owners . . . .

8.       This
cause is a timely appeal from the Orders issued by the [Review Board] on such
2008 protests.

The accompanying documents verify that those named
plaintiffs filed protests with the Review Board and that the Review Board made
determinations for those plaintiffs.

As the Appraisal District and the Review Board argue, the
record is completely silent about whether Walters and Poehlmann timely protested
their tax assessments, obtained a determination from the Review Board, and
timely filed an appeal to the district court. 
All this establishes, however, is that there is nothing to contradict
the plaintiffs’ petition, which alleged that all plaintiffs, including Walters
and Poehlmann
did each of those things.  Because we
must take the pleadings as true and construe them in favor of the pleader, the
silence in the record as to Walters’s and Poehlmann’s standing has not
deprived the trial court of jurisdiction. 
See CenterPoint
Energy Entex v. R.R. Comm’n of Tex., 213 S.W.3d
364, 368 (Tex. App.—Austin 2006, no pet.) (holding appellate court must take
pleadings as true and construe them in favor of pleader in determining
standing); Tex. Ass’n of Bus., 852 S.W.2d at 446 (holding appellate court
must construe pleading in light most favorable to pleader).

We hold that the
record does not establish that Walters and Poehlmann
lack standing to challenge their tax assessments.

                                                                                
Taxation of Improvements

In their sole issue on appeal, appellants argue the trial
court erred by determining that they held an interest in the properties that
would subject them to taxation.

A.            
Standard of Review

The parties filed an agreed stipulation of facts with the
trial court and submitted the case for decision under rule 263 of the Texas
Rules of Civil Procedure.  Tex. R. Civ. P. 263.  A case submitted to the trial court upon an
agreed stipulation of facts under rule 263 is in the nature of a special
verdict and “is a request by the litigants for judgment in accordance with the
applicable law.”  Harris Cnty. Appraisal
Dist. v. Transamerica Container Leasing Inc.,
920 S.W.2d 678, 680 (Tex. App.—Houston [1st Dist.] 1995, writ denied).  “The trial court and the reviewing court may
not, unless provided otherwise in the agreed statement, find any facts not
conforming to the agreed statement.”  State Bar of Texas v. Faubion, 821 S.W.2d 203, 205 (Tex. App.—Houston [14th
Dist.] 1991, writ denied). The court’s judgment must declare only the
law necessarily arising from the stipulated facts.  Transamerica,
920 S.W.2d at 680. 
The question on appeal is limited to the issue of the correctness of the
trial court’s application of the law to the admitted facts.  Id.  This is a question of law, and, accordingly,
our review is de novo.  Harris Cnty. Appraisal Dist. v. Tex. Gas Transmission Corp., 105 S.W.3d 88, 91 (Tex. App.—Houston [1st Dist.]
2003, pet. denied).

B.            
Analysis

As summarized by appellants in oral argument, appellants
argue that they do not own any interest in the hangars and, therefore, cannot
be assessed taxes on the hangars.

The relevant portion of the Stipulation of Facts provides:

3.       The
property involved in this suit consists of T-Hangar units located at City of
Brenham Municipal Airport.  The
Plaintiffs each lease a tract of land at the Airport upon which the hangars are
located.  See Exhibits “A-1” through “A-4.”  The hangars are affixed to the land.  Plaintiffs use the hangars for storage of
their private aircraft.

4.       Plaintiffs
generally acquired their interest in the hangars through “bills of sale.”  See Exhibits “B-1” through “B-2.”

Assuming without deciding—as argued by appellants—that the
lease agreement includes all of the improvements, including the hangar, this
does not mean that the accompanying bills of sale are without effect.  The bills of sale convey fee simple in the
hangar improvements.  A
leasehold is less than fee simple. 
Dallas Cent. Appraisal Dist. v. Jagee Corp., 812 S.W.2d 49,
53 (Tex. App.—Dallas 1991, writ denied).  Regardless of what portion of fee simple in
the hangars was conveyed in the leases, the remainder was conveyed in the bills
of sale.  See Hall v. Prof’l Leasing Assocs., 550
S.W.2d 392, 394 (Tex. Civ. App.—Dallas 1977, no writ) (holding lease is merged
when lessee acquires title to reversion). 
Accordingly, the appellants own the hangars.

As the parties acknowledge, the Tax Code contemplates that
separate entities can own separate interests in land and improvements.  See
Tex. Tax Code Ann. § 25.04 (Vernon 2008).  Those entities can each be taxed on their
separate interests.  See id.  Our state
constitution requires that “[a]ll occupation taxes
shall be equal and uniform upon the same class of subjects within the limits of
the authority levying the tax; but the legislature may, by general laws, exempt
from taxation public property used for public purposes . . . .”  Tex. Const. art. VIII, § 2.  Because
the hangars are owned by private entities and, accordingly, are not public
property, whatever exemption may have applied to the City of Brenham does not
extend to appellants.

At oral argument, appellants argued that the bills of sale
were, in fact, assignments of a leasehold interest in the hangars.  While the fourth stipulation of fact puts the
term “bills of sale” in quotes, the two bills of sale included as attached
exhibits refer clearly to the sale of the hangars, not a lease.  There is no mention of monthly lease
payments.  There is no mention of a term
of any lease.  There is no mention of any
matter typically attendant to a lease. 
Accordingly, there is no evidence in the stipulations of fact or the
attached exhibits to support appellants’ claim that the bills of sale were
anything other than sales of fee simple interests in the hangars subject to any
listed encumbrances.

We overrule appellants’ sole issue. 

                                                                                                          
Conclusion

We affirm the judgment of the trial court.

 

 

                                                                      Laura
Carter Higley

                                                                      Justice


 

Panel consists of Chief Justice Radack and Justices Higley and Brown.