## JULIA MARTIN *vs.* BRIDGET TOBIN.

Suffolk.    March 8. — July 3, 1877.    ENDICOTT & SOULE, JJ., absent.

A bequest in a will of all the testator's interest in a certain described estate operates as an assignment of his interest as lessee in the estate.

A lessee of land became the owner of an undivided portion of it, and executed a mortgage of this undivided portion, reciting that a part of the premises was subject to a lease and that the leased premises were included in the description and in the mortgage. The mortgagee afterwards entered to foreclose. *Held,* that, even if the lease passed by the mortgage, the lessee had the right of possession against all persons except the mortgagee, until the expiration of three years from the entry, and could maintain an action, for a trespass within that time, against a third person.

In an action of trespass by the assignee of a lease of land, evidence that his assignor wrongfully used money in his possession as guardian in the purchase of the lease is irrelevant and inadmissible.

In an action of trespass, the question whether a lease, under which the plaintiff claims to be in possession, has been terminated, does not so involve the title to real estate, that under the Gen. Sts. c. 120, § 13, the case may be removed at the request of either party from a municipal court to the Superior Court.

TORT for breaking and entering the plaintiff's close. Writ dated August 14, 1874. At the trial in the Superior Court, on appeal, the jury, by agreement of parties, returned a verdict for the plaintiff, and *Pitman*, J., reported the case for the determination of this court. The facts appear in the opinion.

*L. M. Child & T. E. Barry*, for the plaintiff.

*G. L. Ruffin*, (*G. W. Searle* with him,) for the defendant.

MORTON, J. Robert Tobin, being the owner of the premises in question, on March 9, 1860, leased them to Timothy Connolly for a term of twenty years. On October 27, 1866, Connolly assigned this lease to John Tobin. In 1870, John Tobin died, and by his will devised and bequeathed to the plaintiff " any and all interest which I now have in and to any and all real estate in said Boston, and especially to my interest in the estate numbered one Norwich Street in said Boston," being the premises in question. This bequest included the testator's leasehold estate, and operated as an assignment of the lease to the plaintiff, if it was then in force. There is nothing in the case to show that this lease has ever been extinguished.

It appears that, after the lease was assigned to him, John Tobin became the owner in fee of an undivided half of the estate of which the leased premises were a part; but it is clear that this did not extinguish the lease. There was no union of the greater and the less estate, in the same person, and in the same right, which is necessary to create a merger. *Johnson* v. *Johnson*, 7 Allen, 196.

The defendant, who is the widow of John Tobin, put in evidence a mortgage from John Tobin to one Jeremiah Donnavan, dated October 27, 1866, of one undivided half of said estate " in common with my six minor children who own the other moiety, a part of said premises being subject to a lease made by said Robert Tobin to Timothy Connolly, which said lease has been assigned to me for the unexpired term, and said leased premises are included in said description and in this mortgage ; " and also evidence that the assignee of this mortgage, on Octo-

ber 15, 1872, made an open and peaceable entry, in the presence of two witnesses, upon the premises described in the mortgage, for the purpose of foreclosure, and duly recorded a certificate thereof, under the statute. She now contends that the effect of this mortgage and entry to foreclose was to defeat the plaintiff's right to the possession of the leased premises.

This was a mortgage of real estate, and, we think, did not include the term of years, which is a chattel, and did not, therefore, operate as an assignment of the lease. But, if it could be construed to operate as such assignment, it was an assignment in mortgage; and until the mortgagee took actual possession, or until a completed foreclosure, Tobin and the plaintiff, his legatee, had the right of possession against all other persons.

It follows therefore that up to the date of her writ, which was less than three years after the formal entry to foreclose, the plaintiff as lessee had the right of possession of the premises in question, and can maintain this action against the defendant for the invasion of this right.

The evidence offered by the defendant that John Tobin misused the money of his minor children held by him as their guardian, and applied it to the purchase of the assignment of the lease to him, was irrelevant and inadmissible.

The defendant also contends that the Superior Court had no jurisdiction of this case. The suit was commenced in the Municipal Court of Boston, and at the trial there the defendant moved that the case be removed to the Superior Court, on the ground that the title to real estate was in issue, but the court denied the motion. The defendant's argument is that the court erred in denying this motion, that it had no jurisdiction to try the case, and therefore that the Superior Court had no jurisdiction over the case. It is true that the Municipal Court of Boston has not jurisdiction to try suits in which the title to real estate is concerned. The statute, which applies to that court as well as to justices of the peace, provides that "when it appears, by the pleadings or otherwise, in an action pending before a justice of the peace, that the title to real estate is concerned or brought in question, the fact, if it does not appear by the pleadings, shall be stated on the record, and the case shall at the request of either party be removed to the Superior Court,

to be there tried and determined in like manner as if it had been originally commenced in that court." Gen. Sts. c. 120, § 13.

The report before us does not show that it appeared, by the pleadings or otherwise, in the Municipal Court, that the title to real estate was concerned. It fails therefore to show that that court had not jurisdiction to try the case. On the contrary, it appears by the report that the title to real estate, within the meaning of the statute, is not brought in question in this case. The only question is as to the plaintiff's right of possession under a lease for a term of years. Such a leasehold interest is personal estate. It is true the defendant claims to be a tenant in common of the fee, but her title is not disputed by the plaintiff, who claims under a lease executed before such title accrued. The only question is whether such lease had been terminated. A question of title to real estate is no more involved than in any case where a lessee sues for a trespass and is required to prove his lease. *Judgment on the verdict for the plaintiff.*