# Patterson, Appellant, *v.* United Natural Gas Company.

*Equity—Jurisdiction—Adequate remedy at law—Forfeiture of oil and gas lease—Landlord and tenant.*

1. A bill in equity is properly dismissed, where it appears that plaintiffs by virtue of certain oil and gas leases stood towards the defendant in the relation of a landlord, and by virtue of a later deed to a predecessor in title of the defendant in the relation of a tenant in common with him of an undivided one-half interest in the leased premises, and that the only purpose of the suit was to obtain a decree cancelling the leases on the ground of forfeiture for violating covenants therein. The remedy of the plaintiff is by a common law action of ejectment.

2. In such a case the relation of the parties to each other as tenants in common, is wholly irrelevant matter, without bearing, even remote, on the issue.

3. Where a lessee acquires, after the date of the lease, an undivided one-half interest in the leased premises, the lease does not, by mere operation of law, merge in the fee subsequently obtained.

Argued Oct. 3, 1918. Appeal, No. 41, Oct. T., 1918, by plaintiff, from decree of C. P. Venango Co., Nov. T., 1918, No. 4, dismissing bill in equity in case of David L. Patterson, Jr., Stuart Y. Patterson, May P. Marion, Edna P. Farrar and Agnes L. Patterson, heirs at law of David L. Patterson, deceased, v. United Natural Gas Company. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for an injunction, forfeiture of oil and gas lease, and for an accounting.

From the record it appeared that plaintiffs' predecessor in title by two leases, one executed 1901, and the other in 1905, leased an undivided one-half interest in oil and gas in two adjoining tracts of land. The owner of the other half interest joined in these leases. The interest of the lessee in these leases subsequently became vested in the defendant. Defendant also after the date

of the leases secured an undivided half interest in the fee of the oil and gas in the leased premises. Plaintiff alleging that defendant had violated certain covenants of the leases filed this bill. The court below dismissed the bill on the ground that plaintiffs had an adequate remedy at law.

*Error assigned* was decree dismissing the bill.

*Gifford K. Wright,* of *M'Kee, Mitchell & Alter,* with him *A. R. & N. F. Osmer,* for appellants.—Equity jurisdiction does not depend upon the want of a common law remedy, but its inadequacy. Hence the exercise of chancery powers must often depend upon the sound discretion of the court. So a bill may be sustained solely on the ground that it is a more convenient remedy: Brush Electric Co.'s App., 114 Pa. 574; Bierbower's App., 107 Pa. 14.

*Peter M. Speer,* for appellee.—Plaintiffs are not entitled to affirmative relief by the declaration and enforcement of a forfeiture by a court of equity in this proceeding, and particularly for matters which are not made grounds of forfeiture in the lease or conveyance in question: Smith v. Peoples Nat. Gas Co., 257 Pa. 396; Hays v. Forest Oil Co., 213 Pa. 556; Glasgow v. Chartiers Oil Co., 152 Pa. 48; Ray v. West Pa. Nat. Gas Co., 138 Pa. 576.

OPINION BY MR. JUSTICE STEWART, January 4, 1919:

It is quite manifest that the one and only purpose of the proceeding was to obtain a decree cancelling the several leases under which the defendant holds these premises, on the ground of forfeiture, to the end that the right of entry might be regained by the appellants. It is true that the parties stand toward each other in a two-fold relation with respect to the premises which are the subject of the controversy; by virtue of the leases they stand in the relation of landlord and tenant; by virtue of a

subsequent conveyance to the defendant or his predecessors in title, the defendant is the owner of an undivided one-half interest in the leased premises, and the parties to the controversy are therefore tenants in common as well.  This latter relation has received much consideration in the argument in the lower court and before this court as well, but we are of the opinion that it is a wholly irrelevant matter, without bearing, even remote, on the issue presented.  It calls for no further reference here than to remark that the only relief asked for in the bill is the cancelling of the several leases under which the defendant's predecessors entered into the possession of the premises and under which it at present claims to hold.  It is not pretended by either party that the leases became merged in the title in fee which the lessees subsequently obtained.  Such could be the result by agreement of the parties, but not by mere operation of law: Dougherty v. Jack, 5 Watts 456.  If the terms created for a special purpose not yet accomplished are to be kept separate until that object is effected, equity considers them distinct, Kershaw v. Supple, 1 Rawle 139. The only relation in which they stand to each other so far as concerns our present inquiry, is that of lessor and lessee, and as this bill clearly discloses that the whole and only purpose is to recover possession by the landlord of the leased premises, it follows that the lessors have by mistake chosen this forum rather than the one that the law appoints as the proper tribunal for the determination of such question.  The only reason given for this departure is that some equitable considerations are supposed to attach.  None have been suggested on the argument, and none occur to us that could not be as fully and as satisfactorily considered and adjudged in a common law trial of ejectment as in a court of equity.  It is unnecessary to consider the other questions raised in the course of argument.  The one suggested governed in the determination of the case in the court below, and it is quite sufficient in itself to support the decree entered.

The assignments of error are overruled and the decree of the court below is affirmed.