TIMOTHY HURLEY *vs.* CECILIA A'HEARN.

Suffolk.    January 9, 1959. — March 13, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Real Property*, Merger. *Election. Accounting.*

A devise of land to the testatrix's son and daughter "share and share alike" created a tenancy in common but did not effect a merger of an existing interest of the daughter as lessee of a structure on the land under a lease from the testatrix and the daughter's interest as tenant in common therein, nor put the daughter to an election between her interests. [697]

A final decree in a suit in equity for an accounting, which correctly ordered a certain amount to be paid by the defendant to the plaintiff with respect to a business operated by the parties on certain land owned by them but which omitted an additional sum disclosed by undisputed evidence to be due to the plaintiff from the defendant respecting the rent of a structure on the land leased to the defendant, was reversed so that the plaintiff might amend his bill to claim the additional sum and a new final decree be entered accordingly. [698]

BILL IN EQUITY, filed in the Superior Court on February 13, 1958.

The suit was heard by *Meagher*, J., on a master's report.

*James W. Brodbine,* for the plaintiff.

*Francis H. Farrell,* for the defendant.

RONAN, J. This is an appeal by the plaintiff from a final decree in equity.

The facts found by the master may be summarized as follows: The plaintiff and the defendant are brother and sister respectively. On April 7, 1952, she obtained from their mother the lease of a custard stand situated on a small parcel of land fifteen feet in length and twelve feet wide at the front of premises at 173 Revere Beach Boulevard in Revere. The lease was for a period of twenty years from January 1, 1952, at a rental of $700 a year. The custard stand in question had been occupied by the defendant for many years prior to that time as tenant at varying rentals. All the machinery and personal property in the stand were and are owned by the defendant and have been taxed to her. She also held the license to conduct the business. The master found that the lease of April 7, 1952, was executed free from any undue influence or fraud on the part of the defendant upon her mother as alleged by the plaintiff. To the rear of the custard stand and occupying the rest of the parcel at 173 Revere Beach Boulevard is an amusement device known as the "Dodgem." By her will, executed on March 14, 1955, and duly probated after her death on July 23, 1956, the mother devised and bequeathed "the land with the buildings and the rides thereon on Revere Beach Boulevard known as the Dodgem property and located at No. 173 Boulevard, Revere," to her son and daughter "share and share alike." In January, 1957, the parties entered into an oral agreement whereby the profits from the Dodgem were to be divided equally between them. The agreement did not include the custard stand. By its terms, the defendant was to run the Dodgem and act as its cashier. The plaintiff, for his part, made mechanical repairs on the rides and worked occasionally during the 1957 season at the Dodgem itself. For most of the season, however, he was regularly employed by a brother at another amusement stand elsewhere on the boulevard.

The devise in their mother's will of the land with the buildings and rides thereon to the parties "share and share alike" created a tenancy in common, G. L. c. 184, § 7, *Cross* v. *Cross*, 324 Mass. 186, 189, and cases cited; but there was no merger, as the plaintiff contends there was, of the interest in the defendant of her rights as lessee and as tenant in common of the custard stand. To effect a merger there must be a union of the greater and the lesser estate in the same person and in the same right. *Johnson* v. *Johnson*, 7 Allen, 196. It was held in *Martin* v. *Tobin*, 123 Mass. 85, that the acquisition of an undivided one-half interest by one who held a lease of the premises did not effect a merger. See *Clark* v. *Parsons*, 69 N. H. 147; *Patterson* v. *United Natural Gas Co.* 263 Pa. 21. See also 143 A. L. R. 93; 19 Am. Jur., Estates, §§ 135, 136; Hall, Massachusetts Law of Landlord & Tenant (4th ed.) § 151; Tiffany, Real Property (3d ed.) § 70. Neither did the acquisition by the defendant of her one-half undivided interest in the premises on and in which the custard stand was located put her to an election as contended by the plaintiff. There is nothing to indicate that the mother in devising to her a half interest in the property intended that she should not continue to hold as lessee under the lease. Compare *Hyde* v. *Baldwin*, 17 Pick. 303, 308; *Watson* v. *Watson*, 128 Mass. 152; *Noyes* v. *Noyes*, 233 Mass. 55, 58–59; *Thurlow* v. *Thurlow*, 317 Mass. 126. See 60 A. L. R. 2d 736. The defendant was not acting inconsistently with the mother's will by continuing to act in accordance with the lease. Nor is anything to the contrary indicated by the oral agreement of the parties entered into after their mother's death. The defendant was merely bound to pay to her brother one half of the rent due under the lease.

An interlocutory decree is to be entered confirming the master's report.

The accounting of the master was as follows: From the sum of $5,000 due the plaintiff as his share of the profits from the Dodgem for the 1957 season the master subtracted $900 which had been paid to the plaintiff previously to meet

a business expense of the Dodgem. (We assume, and the master must have found, that this $900 was not used by the plaintiff to pay off the debt of the business, but was instead retained by him as a share of the profits.) To the resulting figure, $4,100, was added $317.62 in expenses paid by the plaintiff out of his own pocket, making a balance due the plaintiff of $4,417.62. The difference between that figure and the $5,000, that is, $582.38, was then credited one half ($291.19) to each, making the net owed by the defendant to the plaintiff $4,708.81. The same result may be reached by the more direct method of adding to the $5,000 one half of the plaintiff's out-of-pocket expenses paid by him and subtracting one half of the sum previously given him, $158.81 and $450 respectively. The accounting was accurate, but the decree should not have limited the amount awarded to the amount due on the Dodgem account. Although the defendant was bound to pay her brother one half of the $700 rental of the custard stand, the master found that the brother had declined to accept the tender of an amount in excess of the $350 owed, perhaps on the theory that there had been a merger or election. The relevant evidence is undisputed. The plaintiff is entitled to the sum of $350 for the rental of the custard stand during the 1957 season, together with interest of $6.38 to the date of the tender. The final decree is reversed. The plaintiff is allowed sixty days in which to amend his bill to claim his share of the 1957 rental as stated. Upon his amendment, a final decree is to be entered ordering the defendant to pay forthwith the sum of $5,065.19, $4,708.81 according to the accounting, without interest, plus $356.38 as his share of the rental of the custard stand for the 1957 season which includes the interest as stated, and permitting an inspection of the books of the Dodgem by the plaintiff at reasonable times at its place of business. If there is no amendment a final decree is to be entered awarding the plaintiff the amount of $4,708.81, without interest, and with an order permitting inspection of the books of the Dodgem.

*So ordered.*