251 N.J. Super. 388 (1991)
598 A.2d 523
POCHINSKI REALTY ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFF-APPELLANT,
v.
LEON PUZIO AND ALINE PUZIO, HIS WIFE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 15, 1991.
Decided October 30, 1991.
*389 Before Judges BILDER, STERN and KEEFE.
Robert E. Burns, attorney for appellant.
Glenn R. Gronlund, attorney for respondents.
The opinion of the court was delivered by BILDER, J.A.D.
This is an appeal from an order of the Chancery Division confirming the existence of an easement across plaintiff's property for the benefit of defendant Aline Puzio's adjoining land and dismissing plaintiff's action to quiet title.
Plaintiff is the owner of a bar and restaurant located on the easterly side of Route 35 in Silver Beach and an empty lot across the street on the westerly side of Route 35 (Lot 31 Section E) which it uses to supplement the parking available adjacent to its business premises. Defendant Aline Puzio owns property containing a one-family dwelling house on the westerly side of Route 35 adjacent to the northerly side of the parking lot (Lot 19 Section E). She claims a 12 X 60 foot *390 easement along the northerly side of the parking lot adjacent to her property. More particularly, she claims a right, derived from and set forth in an April 16, 1964 deed from the then owners of Lot 31 to the then owner of Lot 19, to freely use the 12 foot strip and to erect a fence on its southerly boundary, the cost of maintaining the fence and easement to be borne by the grantee.
The easement came into existence when a common owner, Caserta, severed the tracts by selling the restaurant premises and the parking lot, Lot 31, while retaining the adjoining lot containing her home, Lot 19. To protect her home, a mere two feet from the northerly line of Lot 31, from cars of restaurant customers, she took the easement to permit a fenced-in buffer between her home and the parked cars as part of the overall real estate transaction.
In 1979 the restaurant premises and the ancillary parking area, lot 31, were purchased by defendants Leon and Aline Puzio. The following year, Aline acquired the residential lot, lot 19. The trial judge found these acquisitions created a unity of ownership in the adjoining lots which extinguished the easement. See Niestat v. Equitable Security Co., 6 N.J. Super. 148, 152, 70 A.2d 529 (App.Div. 1950) ("an owner cannot have an easement in his own land"). Two years later, in 1982, defendants sold lot 31 and the business property across the street to a grantee who subsequently conveyed the property to plaintiffs.
In an oral opinion of November 8, 1990, the Chancery Judge found, as noted, that the easement had been extinguished by virtue of the unity of ownership resulting from Mrs. Puzio's acquisition of the residential tract, lot 19. However, he found that the subsequent severance resulting from the sale of lot 31 revived the recorded easement. Id. at 152-153, 70 A.2d 529. In so doing, he noted that the easement was a matter of record and that its existence, which he characterized as arising from a reservation of rights by the owner of residential lot 19 at the time of the 1964 severance, see Pilar v. Lister Corp., 38 *391 N.J. Super. 488, 496, 119 A.2d 472 (App.Div. 1956), was physically apparent. Quoting from Pilar, the trial judge noted:
Parties to the conveyance are presumed to act with reference to the actual, visible and known condition of the properties at the time and to intend that the benefits and burdens manifestly belonging respectively to each part of the entire tract shall remain unchanged. [Id. at 495, 119 A.2d 472]
On appeal, plaintiff agrees with the court's finding that the easement was extinguished by defendant's 1980 unity of ownership of lots 19 and 31. However, it contends that the court erred in concluding the easement revived because one of the predicates, the finding of the easement's physical visibility, was not supported by the evidence and the absence of such notice bars the imposition of an implied reservation. This, it says, is particularly true in the face of the defendants' promise in the conveyance that they had done no act to encumber the property (covenant as to grantor's acts).
Although we are not in entire agreement with the trial judge's rationale, we entertain no difficulty with his result. See Pressler, Current N.J. Court Rules, Comment 2 to R. 2:2-3 (1991) (appeals are from judgments not opinions).

I.
Insofar as the trial judge has found that a unity of ownership existed in 1980 such as extinguished the easement, he was in error. After the 1979 and 1980 deeds, Aline owned lot 19 fully and in her own right but her interest in lot 31 was that of a tenant in common[1], a lesser right. Her right to exclude Leon from the use of the area encompassed by the easement arose not from the joint tenancy, but from her easement. There was never such unity of title and interest as could effect merger. See Lacy v. Seegers, 445 So.2d 400, 404 (Fla.App. 5 Dist. 1984) (no merger where some lots owned individually and some as a tenant by the entirety); Myers v. *392 Salin, 13 Mass. App. 127, 431 N.E.2d 233, 242 (1982) (no merger where some owned individually and some as tenant by the entirety); also Hurley v. A'Hearn, 338 Mass. 695, 157 N.E.2d 223 (1959) (no merger where tenant in common and holder of lease); also Kaufman v. 666 North Water Building Corporation, 130 Ill. App.2d 785, 267 N.E.2d 345, 348 (1971); 5 Restatement of Property, Servitudes § 497 comment b and caveat (1944).[2]
Certain requirements must be met to find merger. First, there must be unity of ownership of the dominant and servient estates. The ownership of the two estates must be co-extensive and equal in validity, quality, and all other circumstances of right. 25 Am.Jur.2d Easements and Licenses § 108. This rule has been construed to mean that in order to extinguish a right-of-way, there must be unity of ownership between the servient estate and every dominant state. Piazza v. Schaefer, 255 Cal. App.2d 328, 63 Cal. Rptr. 246 (Cal. 1st App. 1967). Additionally, unity of title has been defined as unity of valid title, title in the name of the same person, and, of course, simultaneous ownership. 28 C.J.S. Easements § 57.
[Lacy v. Seegers, supra, at 401]

II.
Moreover, we agree with the trial judge that under the circumstances in this case, if the limited commonality of ownership of lots 19 and 31 had merged the easement, the subsequent severance would have revived it. In Niestat, supra, Justice (then Judge) Jacobs noted that while no easement can exist while there is unity of ownership, "no persuasive reason is advanced to prevent its arising immediately upon severance." Id. at 152-153, 70 A.2d 529. A persuasive rationale for this was suggested by Judge Jayne in Pilar v. Lister Corp., supra:
Although one cannot in the true sense have an easement over one's own land, yet where one during the unity of ownership utilizes a part of his land for the benefit of another part, it is for convenience of expression said that a quasi-easement exists. Upon the conveyance by the owner of one of such parts, an easement corresponding to the preexistent quasi-easement may in certain circumstances arise, either for the benefit of the part conveyed as against the *393 part retained by the grantor, which is called an "implied grant," or for the benefit of the part retained by the grantor as against the part conveyed, which is referred to as an "implied reservation." The implications may go either way depending on the essential circumstances. [Pilar v. Lister Corp., supra, 38 N.J. Super. at 496, 119 A.2d 472]
As did Judge Jayne, we look to the facts to discover the unexpressed intention of the parties to the conveyance. This is what the trial judge did and, upon findings supported by substantial credible evidence in the record, see Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974), he found that the existence of the easement was openly and visibly apparent[3] and that the easement protected the defendant's right to proper enjoyment of her property. We add to this that the easement was fully disclosed in plaintiff's chain of title and that the deed, if not explicit in a reference to the easement, was made subject to "restrictions of record" and "facts disclosed by an accurate survey."
Affirmed.
NOTES
[1] Though she and her husband owned lot 31 as tenants by the entirety, their respective rights during their joint lifetimes was that of tenants in common.
[2] ALI took no position as to whether individual fractional interests, such as a tenancy in common, merge.
[3] A rail fence on the southerly boundary of the easement has existed as long as Aline Puzio owned the property and appears on the Rush survey (P-1).