**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0484-20

YURI INVESTMENT &
DEVELOPMENT, INC.,

     Plaintiff-Respondent,

v.

322 COMMERCIAL AVE., LLC,

     Defendant-Appellant,

and

DREAM USA UNLIMITED
CORP., KWANG SOO
CONSTRUCTION & DESIGN,
INC., a/k/a KWANG SOO
CONSTRUCTION, INC., and
BLUELAND TITLE AGENCY,
INC.,

     Defendants.

_____

Argued March 19, 2024 – Decided May 3, 2024

Before Judges Mayer, Paganelli and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000212-19.

Alexander G. Benisatto argued the cause for appellant (Shapiro, Croland, Reiser, Apfel and Di Iorio, LLP, attorneys; Stuart Reiser, of counsel; Alexander G. Benisatto, on the briefs).

John L. Van Horne, III, argued the cause for respondent (Reeve and Van Horne, attorneys; John L. Van Horne, III, on the brief).

PER CURIAM

Defendant 322 Commercial Ave., LLC appeals from a September 11, 2020 judgment awarded to plaintiff Yuri Investment and Development Inc. following a bench trial. We affirm.

We glean the facts from the trial record. This matter involves a property dispute between the owners of two adjacent parcels of land in the Borough of Palisades Park, New Jersey (Borough). Defendant acquired 322 Commercial Avenue in February 2013 and plaintiff acquired 342 Commercial Avenue in December 2016.

In 1967, the prior owners of the parcels executed and recorded an express easement. The easement memorialized that the building on defendant's property encroached onto plaintiff's property. Plaintiff's property owner agreed "not to institute suit to compel[] the removal of the encroachment." Further, the

easement permitted defendant's property owner the right to use plaintiff's property to make repairs to its building.

In July 2018, plaintiff sent a cease-and-desist letter to defendant, which stated:

> people employed by, working at, and/or utilizing 322 Commercial Avenue have been parking on [plaintiff's] property without authorization or the permission of [plaintiff]. They access [plaintiff's] property through a door which opens into said property. Moreover, . . . a dumpster of yours resides in the parking lot of [plaintiff] without its authorization or consent.
>
> Unless you can provide authentic and valid authorization and/or recorded easements providing the basis upon which to park on [plaintiff's] property . . . demand is made upon you, your agents and employees, to CEASE AND DESIST from accessing, utilizing and parking on [the] property. That includes using the rear door of your property for ingress and egress. Further, demand is made that you forthwith remove the dumpster . . . .
>
> Finally, it appears that the part of your building that encroaches onto [plaintiff's] property . . . was constructed approximately [ten] years ago, along with the rest of the building. Please confirm that said portion of the building was built approximately [ten] years ago, or if it was not, provide proof of same.

A-0484-20

After some dialogue between the parties, plaintiff filed an eight-count complaint against various parties.[1]  As to defendant, plaintiff asserted defendant did not have permission to:  (1) store a dumpster; (2) allow its tenants, employees, or patrons to park; or (3) construct a ramp leading to a door on plaintiff's property.  Plaintiff alleged trespass and unjust enrichment and sought: (i) declaratory judgment; and (ii) to quiet title; as to defendant's use of plaintiff's property.

Defendant filed an answer and counterclaim.  In defendant's answer, it admitted its pre-litigation position that "it had a right to use and park on [plaintiff's] property by the grant[] of permission and/or an easement from prior property owners."  Moreover, in defendant's counterclaim it "demand[ed] judgment against [p]laintiff declaring the parking spaces and other spaces . . . [wa]s the property of the [d]efendants or in the alternative that there [wa]s a valid easement for use of said disputed property."

The court conducted a three-day bench trial and heard testimony from six witnesses.  Plaintiff's principal testified, and retained an expert to testify as to damages.  Defendant's principal and architect testified, and defendant also

---

[1] The complaint included causes of action against Dream USA Unlimited Corp., plaintiff's predecessor in title; Blueland Title Agency, plaintiff's title company; and defendant's tenant.  These parties are not part of this appeal.

summoned the former clerk of Borough's Board of Adjustment and the former Borough administrator.

The trial judge rendered an oral opinion. He determined the 1967 express easement, regarding the building encroachment from defendant's property onto plaintiff's property, did not allow or permit defendant's parking or storage of a dumpster on plaintiff's property. Further, the judge found the 1967 express easement did not permit defendant to access plaintiff's property from the rear of defendant's building.

Moreover, the judge denied defendant's claim of a quasi-easement, because defendant failed produce evidence the properties "were ever a single lot. Rather, while the properties [we]re adjacent to each other, they were always separate properties with separate lot and block numbers." In addition, the judge concluded defendant failed to establish the other factors necessary for a quasi-easement.

Further, as to plaintiff's notice of defendant's claimed easement, the judge noted in reviewing the county land records that plaintiff could not have discovered defendant claimed a right to use plaintiff's property.

Finding defendant did not have permission or a right to use plaintiff's property, the judge determined defendant's use was an "unauthorized entry," a

trespass. In assessing plaintiff's damages for the trespass, the judge found it was "uncontroverted" that defendant used a total of ten parking spaces, attributing one space for defendant's dumpster. Moreover, the judge accepted plaintiff's expert's unrefuted valuation for each space. Finally, the judge calculated plaintiff's damage claim from the date of filing the complaint through the date of the entry of the judgment.

Judgment was entered in favor of plaintiff on its claims for declaratory judgment and to quiet title. The judge determined "[d]efendants ha[d] no right to park or otherwise use [plaintiff's p]roperty, except as specifically set forth in the" 1967 express easement. Moreover, the judge awarded plaintiff damages. The judge dismissed with prejudice defendant's counterclaim.

On appeal, defendant argues the trial judge erred by: (1) failing to find a quasi-easement; (2) ignoring plaintiff's duty of further inquiry, with regard to defendant's "open and notorious" and "apparent" uses of plaintiff's property; and (3) awarding plaintiff damages for defendant's trespass.

We begin the discussion with a review of the principles governing our analysis. "Our review of a judge's findings of fact in a bench trial is limited." Mountain Hill, LLC v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008). Factual findings made by the trial judge will not be disturbed unless

"they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (alteration in original) (internal quotation marks and citation omitted). In contrast, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Under "common law an easement is defined as a nonpossessory incorporeal interest in another's possessory estate in land, entitling the holder of the easement to make some use of the other's property." Leach v. Anderl, 218 N.J. Super. 18, 24 (App. Div. 1987). Easements may be created by implication, an express conveyance, or prescription. Ibid.

There are two types of implied easements: (1) easements by necessity; and (2) quasi-easements. Id. at 25. Existence of a quasi-easement "rests upon an owner's use preexisting the conveyance." Ibid.

> Although one cannot in the true sense have an easement over one's own land, yet where one during the unity of ownership utilizes a part of his land for the benefit of another part, it is for convenience of expression said that a quasi-easement exists. Upon the conveyance by the owner of one of such parts, an easement corresponding to the preexistent quasi-easement may in certain circumstances arise . . . .

7

> [Pochinski Realty Assoc. v. Puzio, 251 N.J. Super. 388, 392-93 (App. Div. 1991) (emphasis added) (quoting A.J. & J.O. Pilar, Inc. v. Lister Corp., 38 N.J. Super. 488, 496 (App. Div. 1956)).]

A party asserting the existence of a quasi-easement must prove all of the following elements by clear and convincing evidence:

> [(1)] the apparent use of the quasi-servient portion of the estate for the quasi-dominant portion, [(2)] the continuous nature of the use, [(3)] the permanent character of the quasi-easement, and [(4)] its reasonable necessity to the beneficial enjoyment of the dominant portion.
>
> [Leach, 218 N.J. Super. at 26 (quoting Adams v. Cale, 48 N.J. Super. 119, 128 (App. Div. 1957)).]

"[C]onstructive notice arises from the obligation of a claimant of a property interest to make reasonable and diligent inquiry as to existing claims or rights in and to real estate." Friendship Manor, Inc. v. Greiman, 244 N.J. Super. 104, 108 (App. Div. 1990) (citation omitted). Therefore, "the claimant will be charged with knowledge of whatever such an inquiry would uncover where facts are brought to his attention, sufficient to apprise him of the existence of an outstanding title or claim, or the surrounding circumstances are suspicious and the party purposefully or knowingly avoids further inquiry." Ibid. (internal quotation marks and citation omitted).

8

"An action for trespass arises upon the unauthorized entry onto another's property, real or personal." Pinkowski v. Twp. of Montclair, 299 N.J. Super. 557, 571 (App. Div. 1997) (citation omitted). "[A] trespass on property, whether real or personal, is actionable, irrespective of any appreciable injury." Ibid. (alteration in original) (quoting Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37, 45 (1984)). "Under a trespass theory, a plaintiff may 'assert a claim for whatever damages the facts may lawfully warrant.'" Ibid. (quoting Marder v. Realty Constr. Co., 43 N.J. 508, 511 (1964)).

"The Restatement (Second) of Torts §929 (1977) sets out . . . distinct categories of compensation with respect to invasions of an interest in land: . . . (b) the loss of use of the land, and (c) discomfort and annoyance to him as occupant." Ayers v. Jackson Twp., 106 N.J. 557, 571 (1987); see Kornbleuth v. Westover, 241 N.J. 289, 302 (2020).

We apply these well-established principles to the matter here. Defendant correctly recognized easements may be created by implication and one type of implied easement is a quasi-easement. Defendant contends "[t]he easement urged to exist here is a quasi-easement." Defendant acknowledges "an easement by implication is typically based on the severance of once-unified property,

where a part of the land had, prior to severance, been used to benefit another part," citing Cale v. Wanamaker, 121 N.J. Super. 142, 146 (Ch. Div. 1972).

Despite recognizing a quasi-easement's gateway requirement of a unified property later severed, defendant admits there was "unrebutted evidence that both the 322 Property and the 342 Property[ were] always two . . . separate lots." Defendant's admission that the two properties were never one is inapposite to its claim of a quasi-easement. Therefore, defendant's arguments regarding the application of the quasi-easement elements are of no moment since the doctrine itself is inapplicable.

Moreover, defendant's reliance on "unity of ownership"—not unity of a property later severed—and condemnation law is misplaced. Defendant relies on the New Jersey Supreme Court's holding in Housing Authority of Newark v. Norfolk Realty Co., 71 N.J. 314 (1976), a condemnation matter. In the condemnation setting, the Court held:

> The fact that the condemned parcel and the remaining property do not have a common boundary should not prevent the landowner from offering evidence concerning severance damages. If prior to the taking, the two parcels were functionally united, then it is quite possible that the landowner sustained a decrease in the utility, and hence the value, of the remaining parcel when the condemned property was taken. For this reason, functional unity and not spatial unity is the relevant consideration.

[Id. at 322 (citation omitted).]

Defendant argues "the trial court should have evaluated whether the bifurcated ownership equated to a functionally integrated enterprise such that unity of ownership existed." Defendant asserts "had the trial court . . . look[ed] to substance over form, it would have found unity of ownership in the" properties.

We conclude condemnation's "unity of ownership" theory is inapplicable to defendant's quasi-easement claim. Even a finding there was a "functionally integrated enterprise" that created a "unity of ownership," would not lead inextricably to a conclusion that the parcels were once one. As stated, a unified parcel later severed is essential to the finding of a quasi-easement. Defendant's argument confuses the concept of the unity of ownership of separate parcels— limited to condemnation actions—with the quasi-easement requirement that the separate parcels must have been one.

Further, defendant's argument that the judge erred by ignoring the facts adduced at trial regarding plaintiff's notice of the complained of infringements is unavailing. Defendant asserts plaintiff "had ample information brought to its attention pre-closing that would have led an ordinary and reasonable person of average intelligence to make a direct inquiry of" defendant's use of the property. Defendant avers "[n]on-record notice is equally effective to preclude a 'good

11

faith purchaser' defense" and "[i]f a subsequent claimant has 'notice' of a prior claim, it is valid as against him despite the lack of record[ing]."

However, defendant's notice argument fails because plaintiff's mere notice of defendant's actions or uses did not transform those actions or uses into valid claims. To be successful, defendant was required to establish plaintiff's notice of valid claims for the use of plaintiff's property. Defendant failed to do so.

Lastly, we conclude there is no merit in defendant's argument the judge erred in awarding plaintiff damages because plaintiff "failed to establish that it suffered any harm as a result of the [defendant's] use of the parking spaces." In fact, the judge found plaintiff was damaged by "the loss of the use of the land or the discomfort and annoyance" caused by defendant's trespass. We are satisfied the judge did not err in his award of damages.

To the extent we have not addressed any of defendant's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0484-20